X FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 13 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES FEDERAL DISTRICT COURT
FOR DISTRICT OF ARIZONA

DARREN K. PROULX, an individual,
Plaintiff,

vs.

NRIP LLC

Defendant

Case No.: **CV21-01211-PHX-DJH**

### PLAINTIFF'S COMPLAINT

Now comes the Plaintiff, DARREN K. PROULX, pro se, and pleads this COMPLAINT and states the following:

### PARTIES

1. Plaintiff, DARREN PROULX, is a natural person domiciled in the State of Nevada at 501 Pyramid Way, Sparks, Nevada 89431.

2. Defendant NRIP, LLC, is a limited liability corporation, doing business under the laws of the State of Nevada and has its principal place of business at 8925 West Post Road, Suite 210, Las Vegas, 89149.

### JURISDICTION

Jurisdiction and venue are proper in this Court. This action arises out of a domain name dispute under the Uniform Domain Name Resolution Policy adopted by the Registrar, Go-Daddy.com LLC. On information and belief, in the Uniform Domain Name Resolution Proceedings (UDRP), the Defendant consented to personal jurisdiction where the Registrar is located. Go Daddy.com resides in this District. The Court has subject matter jurisdiction under 9 U.S.C § 10; 15 U.S.C. §1114(2)(D)(v) and 28 U.S.C. §§ 1331 and 1338.

## FACTUAL BACKGROUND

3. The Plaintiff is the current Registrant and rightful owner of the Domain Name "NevadaRealty.com" having become the current Registrant by purchasing all rights and ownership on January 22, 2020, of the domain name that had been in existence since 1996 PRIOR TO Defendant's allegation of trademark.

4. The Defendant, NRIP, LLC owns and operates a business in Pahrump, Nevada known as Nevada Realty and claims to own State and Federal registered Trademarks for the following entities:

    a. Nevada Realty, NR (US Reg. No. 5039224 in Class 36 for "real estate brokerage".

    b. Nevada Realty (U.S. Serial No. 92712480 in Class 36 for "real estate agency services", "real estate brokerage", "real estate investment services" and "real estate listing".

    c. Nevada Realty, Nevada State Registration No. 201900032612-29

5. The Defendant, NRIP, LLC in accord with the Uniform Domain Name Resolution Policy (UDRP), has filed a claim against the current registrant, Plaintiff Darren K. Proulx, seeking transfer of the Domain Name to the defendant.

6. An Arbitration Proceeding took place without the participation of the Plaintiff wherein it was asserted by the Defendant that Nevada Realty NR, a trademark registered with the United States Patent and Trademark Office (USPTO) to the Defendant, is virtually identical and confusingly similar to defendant's mark because

it incorporates the dominant portion of the registered mark "Nevada Realty NR" by eliminating the NR.

7. Plaintiff was unaware that he had been served under the UDRP via email with notice of the proceedings against him, a process known to few lay persons, but commonly known by industry insiders, and he had not previously been contacted by the Defendant either formally through a cease-and-desist letter or informally with his complaint, resulting in the Plaintiff's non-participation in the arbitration proceedings. There is apparently no process under the UDRP upon which to seek to vacate an arbitration award due to mistake, inadvertence, or excusable neglect.

8. In the jurisdiction of both Plaintiff and Defendant, the courts of Nevada routinely consider whether Plaintiff made any pre-litigation or pre-arbitration efforts to directly communicate with one another through letters and phone calls to avoid the expense of a proceeding as well as unnecessarily clogging the courts.

9. The Defendant also asserted in the UDRP proceeding without factual support that the Plaintiff lacked any bona fide or fair use for the domain name and that the Plaintiff employed the domain name in bad faith to disrupt Defendant's business and to divert customers from the Defendant.

10. The UDRP proceeding without any known validation of the bases for Defendant's assertions of bad faith found that:
    a. The Disputed Domain name was registered on January 22, 2020.
    b. The Defendant established rights in the Nevada Realty NR mark through its registration with the USPTO.

    c. The disputed domain name redirects to another site offering competing goods and services.

    d. The domain name is "identical and confusingly similar to the defendants trade or service mark.

    e. The Plaintiff had no rights or legitimate interests with respect to the domain name.

    f. The domain name has been registered and used in bad faith.

## COUNT ONE
### Reverse Domain Name Hijacking

11. This case involves "reverse domain name hijacking," which occurs when an individual or an entity alleges that it is the owner of a trademark and asserts spurious claims of trademark infringement or trademark dilution against the owner of a domain name that is allegedly similar or identical to the registered trademark.

12. Plaintiff, the current registrant of the domain name NevadaRealty.com seeks a declaratory judgement that the registration and use of the domain name by the Plaintiff are not unlawful under 15 U.S.C. §1114(2)(D)(v).

13. At the time NevadaRealty.com was registered, Plaintiff had a good faith intent, and Plaintiff still has a good faith intent, to employ the domain name for legitimate business purpose.

14. Once Plaintiff found out about Defendants claim, after the arbitration decision and out of deference to Defendant, Plaintiff has voluntarily suspended the domain as a

demonstration of Plaintiff's good faith to allow a claim to be properly presented by both sides.

15. NevadaRealty.com is not confusingly similar to the NEVADA REALTY NR as a matter of law because it is not distinctive, employing two generic words; "Nevada" and "Realty" and is one of as many as 29 separate businesses under differing ownerships that use the term Nevada Realty within their business name in the State of Nevada, therefore diluting the strength of its mark and any association with defendant's business that Nevada Realty NR may have had in relation to other businesses operating in the Nevada real estate market.

16. NevadaRealty.com is not confusingly similar because it employs an entirely different and distinct color scheme and font to advertise their business.

17. NevadaRealty.com, by virtue of its utilization of two common words, "Nevada" and "Realty", cannot be, per say, confusingly similar because there are tens of thousands of individuals in the state of Nevada who are employed in Nevada Realty every day. Defendant cannot hold a market on the act of Nevada realty transactions.

18. The NevadaRealty.com domain name pre-existed the NEVADA REALTY NR trademark's use in commerce by over 25 years.

19. At all times, Plaintiff had an intent to use the NevadaRealty.com domain name for the bona fide offering of goods or services, himself having been involved in the real estate business in the State of Nevada for over twenty years.

20. The arbitration decision was procured by corruption, fraud, or undue means on the part of the Defendant and should be vacated as a result pursuant to 9 U.S.C § 10

because the arbitrator exceeded his powers under the UDRP by relying upon factual assertions of the Defendant that were materially false, namely that the domain name was created in January of 2020 *after* the Defendant had obtained his trademark registration when, in reality, the domain name was created in 1996 long before the Defendant sought trademark protections for Nevada Realty NR; a fact that was evident in the record and was ignored by the arbitrator.[1]

21. The arbitration decision was procured by corruption, fraud, or undue means on the part of the Defendant and should be vacated as a result pursuant to 9 U.S.C § 10 because the UDRP arbitrator exceeded his authority by ordering the transfer of the intrinsically valuable domain name currently held by the Plaintiff without compensation, having been obtained by Plaintiff in good faith and at great expense.

22. Defendant's conduct constitutes reverse domain name hijacking because efforts to circumvent Plaintiff by seeking to acquire the domain name through UDRP proceedings, through known misrepresentation of material facts in support of the claim, rather than negotiating with Plaintiff, does not reflect good faith, especially because the domain name pre-existed the Defendant's trademark registration.

23. Plaintiff is a listed Nevada business entity with the Secretary of State. Even Defendant's counsel could have easily reached out to Plaintiff rather than engage in a clandestine proceeding where the Plaintiff was not *actually* served with notice.

---

[1] The arbitration decision explains how it relied upon the "WHOIS" record to make certain findings with respect to Plaintiff Proulx but ignored so much of the WHOIS record indicating the domain name pre-existed the Defendant's mark by over 25 years.

WHEREFORE, the plaintiff, DARREN K. PROULX, prays the Court for an Order and Judgment against Defendants NRIP, LLC, and in favor of the Plaintiff as follows:

    a. the award of rights to the domain name resulting from the arbitration decision of the UDRP is hereby VACATED.

    b. the Plaintiff's registration and use of the NevadaRealty.com domain is not unlawful under the Lanham Act.

    c. An award of such other and further relief as the Court deems proper.

/s/ Darren K. Proulx
Plaintiff pro se / pro per
501 Pyramid Way
Sparks, Nevada 89431
NewmarkInvestment@gmail.com
775-527-4000

## **PLAINTIFF'S CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that the information contained in this Complaint is to the best of Complainant's knowledge complete and accurate, that this Complaint is not being presented for any improper purpose, such as to harass, and that the assertions in this Complaint are warranted under these Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument.

*Respectfully Submitted,*

/s/ Darren K. Proulx
Plaintiff pro se / pro per
501 Pyramid Way
Sparks, Nevada 89431
NewmarkInvestment@gmail.com
775-527-4000

Dated: July 12, 2021