DONNA DIMAGGIO, ESQ.
Arizona Bar No. 029120
Email:  ddimagio@nevadafirm.com
HOLLEY DRIGGS
400 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
Phone: 702/791-0308
Fax:     702/791-1912

*Attorneys for Defendant NRIP LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DARREN K. PROULX, an individual, | |
| Plaintiff, | CASE NO.:    CV21-01211-PHX-DJH |
| v. | **DEFENDANT'S MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA** |
| NRIP LLC, | |
| Defendant. | |

Defendant NRIP LLC ("Defendant") moves this Court, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the District of Nevada ("District of Nevada"), in Las Vegas, NV. This Motion is made and based on the papers and pleadings on file herein, the following Memorandum of Points and Authorities, the exhibits attached thereto, the Declaration of Raymond E. Guin, Jr. ("Guin Decl.") attached hereto as **Exhibit A**, and any oral argument as may be heard by the Court.

DATED this 9th day of August, 2021.

HOLLEY DRIGGS

*/s/ Donna DiMaggio*
DONNA DIMAGGIO, ESQ. (ABN 029120)
400 South Fourth Street, Suite 300
Las Vegas, Nevada 89101

*Attorneys for Defendant NRIP LLC*

13928-02/2618343 (002).docx

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant respectfully asserts that this case belongs in the District of Nevada. Both parties reside and conduct business in Nevada. All events giving rise to this dispute occurred in Nevada and the parties compete for business in Nevada. All relevant sources of proof (including party and non-party witnesses) are located in Nevada. Neither the state of Arizona nor the courts of Arizona have any overriding interest in resolving this dispute here. Rather, the only connection this case has with Arizona is that the non-party registrar for the domain name at issue, <nevadarealty.com> ("Disputed Domain Name"), maintains its principal office in Arizona. As demonstrated below, transfer of this matter to the District of Nevada is appropriate because it would be a more convenient and cost-effective venue for both parties and serves the interest of justice. Moreover, Nevada is a permissible venue under the Uniform Domain Name Dispute Resolution Policy ("UDRP"),[1] for the convenience of parties and non-party witnesses.

### II.    BACKGROUND

**A.    The Parties.**

Defendant is the intellectual property holding company for Nevada Realty Holdings LLC, a Nevada limited liability company managed by real estate broker Raymond E. Guin Jr. (collectively, "Nevada Realty"). *See* Guin Decl., ¶¶ 1, 4-5. Defendant owns a federal trademark registration with the United States Patent and Trademark Office ("USPTO") for the mark NR NEVADA REALTY (Reg. No. 5039224) in Class 36 for "real estate brokerage," a federal pending application for NEVADA REALTY (Ser. No. 90712480) in Class 36 for "real estate agency services, real estate brokerage, real estate investment services, and real estate listing," and a Nevada state trademark registration for NEVADA REALTY (Reg. No. 201900032612-29) (collectively, the "NEVADA REALTY® Marks"). *See* Guin Decl., ¶ 6. Nevada Realty primarily conducts business in Las Vegas and Pahrump, Nevada. *Id.* ¶ 7. Nevada Realty acts as a brokerage

---

[1] A true and correct copy of the UDRP Policy and Rules are attached hereto as **Exhibit B.**

13928-02/2618343 (002).docx

for thirty-four (34) real estate agents in Pahrump, Nevada who all operate under the NEVADA REALTY® brand. *Id.* ¶ 8. Nevada Realty has been the number one in sales real estate company in Pahrump, Nevada for the past five (5) years. *Id.* ¶ 9. Nevada Realty currently approximately has 300 real estate listings in Pahrump, Nevada alone—which is roughly 20% of the total active real estate listings in the area. *Id.* ¶ 10. Put simply, Nevada Realty is extremely well-known in the region and is the top real estate company in the Pahrump Valley real estate market. By virtue of its widespread use and excellent reputation, Nevada Realty's NEVADA REALTY® Marks have become distinctive, garner tremendous goodwill, and consumers recognize the NEVADA REALTY® Marks and the services provided thereunder as exclusively originating from and associated with Nevada Realty. *Id.* ¶ 11.

Plaintiff, Darren Proulx ("Plaintiff" or "Proulx"), is a Nevada real estate broker that also does business in Pahrump, Nevada. *See* Guin Decl., ¶ 12. Plaintiff owns and/or has an interest in Desert Greens, a master planned adult community located at 130 Montecito Drive, Pahrump, Nevada 89048. *Id.* ¶ 13. Plaintiff also serves as Director of Desert Greens 2001 Home Owners Association, a Nevada nonprofit corporation having an address of 170 Montecito Drive, Pahrump, Nevada 89048. *Id.* Plaintiff is a direct competitor of Defendant. *Id.* ¶ 14.

**B.   The Dispute.**

Prior to acquiring the Disputed Domain Name, Plaintiff and/or Plaintiffs' business affiliate, contacted Nevada Realty and asked to attend a biweekly Nevada Realty meeting to present and promote Plaintiffs' Desert Greens properties. *Id.* ¶ 15. Plaintiff and his business affiliate attended a meeting at Nevada Realty's office (which prominently bears the NEVADA REALTY® Marks) and made a presentation regarding Plaintiffs' Desert Greens property, and expressed his interest in having Nevada Realty and its agents sell Plaintiff's Desert Greens property because Nevada Realty was the number one real estate office in the area. *Id.* ¶ 16. During the meeting, Plaintiff commented that he sees Nevada Realty's signs throughout Pahrump, (which all prominently display the NEVADA REALTY® Marks), and that Plaintiff wanted the number one real estate office in the area selling his properties. *Id.* ¶ 17. In sum, given these facts, Plaintiff was well-aware

- 3 -

of Defendant's ownership and use of the NEVADA REALTY® Marks, prior to Plaintiff acquiring the Disputed Domain Name.

On or about January 22, 2020, Plaintiff acquired the Disputed Domain Name from a third-party registrant that had not used the domain name for any legitimate purpose for at least five (5) years.[2] Plaintiff subsequently registered the Disputed Domain Name with Godaddy.com, Inc. ("GoDaddy"), an ICANN accredited domain name registrar. Shortly thereafter, and at least by February 18, 2020, Plaintiff started using the Disputed Domain Name to redirect Internet traffic to Plaintiff's Desert Greens Property website located at www.nevadagoodlife.com. *See* Guin Decl., ¶ 19.

On May 24, 2021, after receiving several inquiries from clients expressing confusion over Nevada Realty's affiliation and/or involvement with Plaintiff's Desert Greens property, Defendant initiated a domain name dispute pursuant to the UDRP and received a decision in Defendant's favor. *Id.* ¶ 20. In accordance with the UDRP Policy and Rules, the Panel determined that Defendant had protectable trademark rights in the NEVADA REALTY® Marks, the Disputed Domain Name was identical and/or confusingly similar to Defendant's NEVADA REALTY® Marks, that Plaintiff acquired the Disputed Domain Name in bad faith,[3] and ordered that the Disputed Domain Name be transferred to Defendant.

### C.   Procedural Background.

Plaintiff's registration agreement with GoDaddy for the Disputed Domain Name, like all domain name registration agreements, incorporates the UDRP.[4] Defendant filed a complaint with

---

[2] Internet Archive Wayback Machine captures dated June 2013 through January 2020.

[3] Under the UDRP, the owner of a trademark or service mark may initiate a dispute if the registrant has registered or acquired a domain name in bath faith. *See* UDRP, ¶ 4(b). Pursuant to the UDRP, bad faith includes *acquisition* of a domain name primarily for the purpose of selling, renting, or otherwise transferring the domain name to the mark owner or to a competitor of the mark owner, or by *using* the domain name to attract, for commercial gain, Internet users to the registrant's website or other on-line location by creating a likelihood of confusion with the complainant's mark as to the source, sponsorship, affiliation, or endorsement of registrant's website. (emphasis added).

[4] As part of any domain name registration, the would-be registrant submits a fee to the domain name registrar, and expressly agrees to the terms of a domain name registration agreement that

13928-02/2618343 (002).docx

an ICANN authorized dispute resolution panel ("Panel") in accordance with the UDRP, arguing that the Dispute Domain Name infringed Defendant's registered NEVADA REALTY® Marks. The Panel agreed with Defendant and ordered that the Disputed Domain Name be transferred from Plaintiff to Defendant. Despite Plaintiff's contractual obligation to make an appearance in the UDRP proceeding, he failed to do so. Rather, Plaintiff initiated the instant action alleging Defendant violated 15 U.S.C. § 1114(2)(D)(v).

Plaintiff, a Nevada resident, filed this action *pro se* in the District of Arizona. Plaintiff chose this district based on Defendant's statement in the UDRP proceeding that Defendant will submit to jurisdiction where the registrar is located. *See* Compl., p. 1, on file herein. Despite this and for the reasons stated herein, Defendant respectfully requests this Court transfer the case to the District of Nevada.

### III.    LEGAL STANDARD

Transfer of this action to the District of Nevada is appropriate in this case because the transferee court is one where this action might have been brought. *See* 28 U.S.C. § 1404(a). Furthermore, the convenience of the parties and witnesses and the interests of justice favor transfer. *See id*.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under § 1404(a), the Court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23, 108 S. Ct. 2239, 2239, 101 L. Ed. 2d 22 (1988).

---

incorporates the terms of the UDRP Rules. *See Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 626 (4th Cir. 2003). The Internet Corporation for Assigned Names and Numbers ("ICANN") accredits institutions and corporations to serve as domain name registrars. *See Parisi v. Netlearning, Inc.*, 139 F. Supp. 2d 745, 746 n. 3 (E.D. Va. 2001). Every domain name registrar accredited by ICANN must incorporation the UDRP Rules into each individual domain name registration agreement. *See Parisi v. Netlearning, Inc.*, 139 F. Supp. 2d 745, 747 (E.D. Va. 2001) (citing UDRP, ¶ 1). The UDRP binds registrants of domain names by virtue of their contracts with the domain name registrars to submit to mandatory administrative proceedings initiated by third-party complainants. *Id.* (citing UDRP, ¶ 4(a)).

- 5 -

A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. *See Stewart Org, supra.* Such factors include (1) plaintiff's choice of forum; (2) convenience of the forum; (3) convenience of witnesses and the ability to compel attendance of unwilling non-party witnesses; (4) ease of access to evidence; (5) any local interest in the controversy; and (6) differences in costs of litigation in the two forums. *See e.g.*, *id. See also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (when considering a motion to transfer under § 1404(a), courts in this Circuit weigh "the parties['] contacts with the chosen forum, the ease of access to sources of proof and witnesses, and the difference in the cost of litigation between the two districts."). No one factor is dispositive, instead the court "should look to any or all of the … factors which are relevant to the case before it, giving appropriate weight to each" and arrive "at a balanced conclusion." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1146 (2001), *citing Gulf Oil Corp. v. Gilbert*, 330 U.S.501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

Regarding forum selection clauses, "[t]o be mandatory, a clause must contain language that clearly designates a forum as the exclusive one." *Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel, Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995). The Ninth Circuit also held that if parties merely consent to the jurisdiction of a particular court, the forum selection clause is permissive, whereas if the clause provides that a particular court has exclusive jurisdiction, the clause is mandatory. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 1987). When there is a forum selection clause, the Court weighs similar factors as to those assessed when deciding a motion to transfer under 28 U.S.C. § 1404(a). *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216 (9th Cir. 2011). Both private and public factors are considered. *See id*.

Private interest factors include "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether  unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Carijano*, 643 F.3d at 1229 (citing *Boston Telecomms.*

- 6 -

*Grp. v. Wood*, 588 F.3d 1201, 1206-07 (9th Cir. 2009)).

Public interest factors include "(1) the local interest in the lawsuit; (2) the court's familiarity with the governing law; (3) the burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to a particular forum." *Carijano*, 643 F.3d at 1232.

### A.     The Factors Weigh in Favor of Transfer.

As a preliminary matter, this lawsuit could have been filed in the District of Nevada where both parties reside. The District of Nevada has personal jurisdiction over Defendant because it does business in Nevada. Similarly, venue is proper in the District of Nevada because both Plaintiff and Defendant are residents of Nevada and a substantial part of the events or omissions giving rise to this dispute occurred in the District of Nevada. *See* 28 U.S.C. § 1391.

Since the matter could have been brought in Nevada, the court must next weigh the set of factors in determining whether transfer of this matter is appropriate.

### Plaintiff's Choice of Forum

Plaintiff chose this district based on Defendant's statement in the UDRP proceeding that Defendant will submit to jurisdiction where the registrar is located. This was the sole reason. Additionally, although Defendant stated in its UDRP Complaint that it "will submit, with respect to any challenges to a decision in the administrative proceeding cancelling or transferring of the Disputed Domain Name, to the location of the principal office of the concerned registrar," such consent is permissive, rather than mandatory, because it does not specify that the courts of Arizona will have exclusive jurisdiction. *See McNeil v. Stanley Works*, 33 F. App'x 322, 324 (9th Cir. 2002) (citing *N. Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034, 1036–37 (9th Cir.1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one."). As such, this factor weighs in favor of transfer.

### Convenience of the Forum, Parties and Witnesses and Ease of Access to Evidence

Both parties are residents of and conduct business in Nevada. *See* Complaint, ¶ 1; Guin Decl., at ¶¶ 12-14. All events giving rise to this dispute occurred in Nevada and the parties compete

- 7 -

for business in Nevada. All relevant sources of proof (including party and non-party witnesses) are located in Nevada. The only connection this case has with Arizona is that Go Daddy, the non-party registrar for the Disputed Domain Name, maintains its principal office in Arizona. These factors weigh heavily in favor of transferring this matter to Nevada.

**Local Interest**

Neither the state of Arizona nor the courts of Arizona have any overriding interest in resolving this dispute in Arizona. Alternatively, Nevada has a significant interest in hearing and deciding disputes involving its residents, especially those residents that have active, longstanding businesses in the state. This factor, too, weighs in favor of transfer.

**Differences in Costs of Litigation**

Undoubtedly, should the case remain in Arizona, the cost of litigating the matter will increase significantly, since the parties, witnesses and evidence are all in Nevada. Litigating in Arizona will increase the costs for travel, as well as the cost of compelling witnesses to appear out of state, which will, in turn, increase the cost of trial. Therefore, this factor also supports transferring the case.

In connection with the remaining public factors, those do not tip in favor or against. Both courts will be familiar with the law and both courts will have the same burden and presumably have the same amount of congestion. Therefore, these factors are neutral.

As argued above, the factors all favor transfer when performing the required analysis under 28 U.S.C. § 1404(a). Furthermore, transfer is also supported after performing the analysis of the permissive forum selection clause contained in the UDRP. For these reasons, Defendant requests this matter be transferred to the District of Nevada.

/ / /

/ / /

/ / /

/ / /

/ / /

- 8 -

13928-02/2618343 (002).docx

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### IV.    <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant respectfully requests that the Court grant an order: (1) transferring venue to the District of Nevada and (2) awarding such other and further relief as the Court deems just and proper.

DATED this 9th day of August, 2021.

**HOLLEY DRIGGS**

*/s/ Donna DiMaggio*
DONNA DIMAGGIO, ESQ. (ABN 029120)
400 South Fourth Street, Suite 300
Las Vegas, Nevada 89101
*Attorneys for Defendant NRIP LLC*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to FRCP 5(b), I certify that on the 9th day of August, 2021, I caused the document entitled **DEFENDANT'S MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**, to be served as follows:

*/s/ Sandy Sell*

An employee of Holley Driggs

13928-02/2618343 (002).docx